GROSS, J.
This case presents the unusual circumstance of a party appealing an order affording the relief it sought in the circuit court. We find no procedural irregularities, affirm the portion of the order granting specific performance, and reverse the *1247 aspect of the ruling concerning attorney’s fees.
CMG Properties Series III, LLC is a limited liability company formed to purchase Gateway Center, a commercial property in Broward County, Florida. Appel-lee, Lighthouse Point Associates, LLC owns the property.
CMG entered into an agreement with Lighthouse to purchase Gateway Center. Pursuant to the contract, CMG placed a $500,000 deposit in escrow. An addendum to the contract extended the closing date and released the deposit, making it nonrefundable. After the closing date, the parties were unable to negotiate a second extension and Lighthouse declared CMG in default.
CMG filed suit. At first it sought return' of its deposit. Later, CMG amended its complaint to sue for specific performance, contending that it was “ready, willing and able to pay the purchase price pursuant to the terms of the contract.”
Lighthouse responded to the complaint with an answer and affirmative defenses.
On September 19, 2006, Lighthouse moved for an Order Granting Specific Performance and Setting Closing Date. Without waiving any defenses and “[ijrrespec-tive of purchaser’s default,” the motion stated that Lighthouse was prepared to close the transaction under the terms of the contract that CMG sought to enforce.
After a hearing, on September 28, 2006, the circuit court granted Lighthouse’s motion and ordered specific performance of the contract, with each party to bear its own attorney’s fees and costs. On September 29, 2006, CMG filed a notice of appeal.
CMG raises procedural complaints about the entry of the order, arguing that Lighthouse obtained a summary judgment without following the procedures required by Florida Rule of Civil Procedure 1.510. However, as Lighthouse points out, its motion did not fall under that rule; Lighthouse was neither a “party seeking to recover upon a claim” within the meaning of rule 1.510(a), nor a movant seeking judgment in its favor on a claim asserted against it under 1.510(b).
A litigant is not limited to the motions referenced in the rules of civil procedure. As one commentator has observed:
Available motions are limited only by the facts of the action and the ingenuity of the attorney. Many are specified in or are inferable from rules or statutes. Some remain as a part of the common law heritage. The rest are devised by the attorney for a particular proceeding.
Henry P. Tkawick, Je., FloRida PRactice and PROCEDURE § 9-2 (2001 ed.). Lighthouse’s attorney determined that selling the property under the terms of the contract achieved a favorable result for his client. In the words of the circuit judge, an order of specific performance forced CMG to “paint or get off the ladder.” The attorney creatively devised a simple motion to achieve this result. There was no procedural irregularity — the motion was noticed for a hearing. There is nothing unfair about a defendant agreeing to the relief sought by a complaint. We therefore affirm the order granting specific performance.
We reverse that portion of the order stating that each party shall bear its own costs and fees. Lighthouse concedes error on this point based on the prevailing party attorney’s fee provision in the contract. We remand to the circuit court for entry of an order indicating that the court retains jurisdiction for the purpose of determining entitlement to, and amount of, attorney’s fees to be awarded.
*1248 CMG has moved for an award of appellate attorney’s fees as the prevailing party under the contract. We deny the motion. CMG has not prevailed in its attack on the specific performance order. In the trial court, Lighthouse conceded error on the attorney’s fee issue, but CMG filed a notice of appeal before an amended order could be submitted to the trial judge. CMG did not ask this court to relinquish jurisdiction to the trial court to correct the error. The appeal of this issue was unnecessary.

Affirmed in part, reversed in part, and remanded.

SHAHOOD and MAY, JJ., concur.